**Claudie WALLACE, Petitioner–Appellant,**

v.

**R. Michael CODY; Attorney General, Respondents–Appellees.**

**No. 91–6057.**

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1991.

Claudie Wallace, Pro Se.

Susan Brimer Loving, Atty. Gen. of Okl., Wellon B. Poe, Asst. Atty. Gen., and Alecia A. George, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before ANDERSON, BARRETT, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner appeals from an Order of the district court dismissing his Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. The district court's dismissal of the habeas petition, alleging that Petitioner was entitled to a "speedier release" due to improper state calculation of earned credits, was based on the ground that Petitioner had failed to exhaust state court remedies or prove that state remedies

are futile. Because we conclude exhaustion would be futile, we remand to the district court for further proceedings.

■ "[W]hen a state prisoner is challenging the ... duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to ... a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973). Habeas corpus is the proper remedy for the withholding of good time credits if the withholding affects the length of confinement. *Gregory v. Wyse*, 512 F.2d 378, 381 (10th Cir.1975).

A federal court, however, cannot consider a habeas petition unless the petitioner has exhausted state remedies or there are no available state remedies. 28 U.S.C. § 2254(b); *see Taylor v. Wallace*, 931 F.2d 698, 699 n. 1 (10th Cir.1991) (action for restoration of good time credits properly brought under § 2254 with exhaustion of state remedies required). "[E]xhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir.1991).

■ Effective November 1, 1988, Oklahoma enacted a new earned credits scheme, which was to be applied prospectively. Okla.Stat. tit. 57, §§ 138, 224. The Oklahoma Court of Criminal Appeals held in *Ekstrand v. Oklahoma*, 791 P.2d 92, 95 (Okla.Crim.App.1990), that prisoners who are disadvantaged by the amended earned credits statutes are entitled to have their credits computed under the statute in effect on the date their crime was committed. Thus, a prisoner may earn credit based on the new scheme or the scheme in effect on the date of the offense, whichever is more favorable. The court explained that proper procedure for such disadvantaged prisoners is to file an application for habeas corpus relief in state district court. "[B]efore any such writ can be granted, a petitioner must demonstrate that under the statute in

effect on the date his ... crime was committed, he ... would have earned enough credits to be entitled to IMMEDIATE release." *Id.*[1]

Because Petitioner seeks speedier and not immediate release, he has no adequate or available state remedy under recent Oklahoma law. Any filing for state post-conviction relief would be futile as to Petitioner's "speedier release" claim. In their brief, Respondents concede that exhaustion would be futile.

Because exhaustion would be futile for a claim for proper calculation of good time credits that would not result in an immediate release, the district court improperly dismissed the habeas petition. Accordingly, we remand to the district court for further proceedings to determine whether Petitioner is disadvantaged by the amended statute and, if so, whether his earned credits are being calculated in accordance with the standards set forth in *Ekstrand* and *Page*. If the prison authorities are incorrectly calculating earned credits, the district court is directed to fashion a remedy to ensure restoration and proper calculation of credits.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED. The action is REMANDED for further proceedings consistent with this opinion. Petitioner's Application for a Certificate of Probable Cause is GRANTED.

The mandate shall issue forthwith.

---

**1.** Oklahoma prisoners have a liberty interest in earned credits. Okla.Stat. tit. 57, § 138 A; *Burch v. Kaiser,* 801 P.2d 130, 132 (Okla.App. 1990); *State ex rel. Maynard v. Page,* 798 P.2d 628, 629 (Okla.Crim.App.1990).