Jesse Lee MORRISON, Petitioner,

v.

Ron JONES, Commissioner of Alabama Department of Corrections, Respondent.

Civil Action No. 90–D–1103–N.

United States District Court, M.D. Alabama, Northern Division.

July 26, 1996.

Bryan A. Stevenson, Michael P. O'Connor, Alabama Capital Representation Resource Center, Montgomery, AL, for plaintiff.

Jack W. Willis, Office of the Attorney General, Alabama State House, Montgomery, AL, for Ronald E. Jones, Commissioner of the Alabama Department of Corrections.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the petitioner's motion filed pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* to "Alter or Amend the Judgment ..." entered on January 19, 1995. Also before the court is the "Motion for Order Granting Petitioner's Writ of Habeas Corpus," filed January 22, 1996. In support of both motions, the petitioner contends that, under the recent decision issued by the Court of Appeals for the Eleventh Circuit in *Cochran v. Herring,* 43 F.3d 1404 (11th Cir.1995), *modified,* 61 F.3d 20 (1995) (per curiam), and *cert. denied,* —— U.S. ——, 116 S.Ct. 776, 133 L.Ed.2d 728 (1996), he is entitled to habeas corpus relief on his claim under *Batson v. Kentucky,* 476 U.S. 79, 106

S.Ct. 1712, 90 L.Ed.2d 69 (1986). For the following reasons, the court agrees and finds that the petitioner is entitled to a new trial on his *Batson* claim.

## BACKGROUND

This is a death penalty case. Petitioner Jesse Lee Morrison was convicted of murder in the Circuit Court of Barbour County, Alabama, and sentenced to death. The procedural history and facts are set forth in *Morrison v. Thigpen*, Civ.A. No. 90–D–1103–N, 1995 WL 914616 (M.D.Ala. Jan. 19, 1995) (DeMent, J.), and need not be repeated here. The court, however, will set forth the facts pertinent to the petitioner's *Batson* claim.

Prior to the petitioner's second trial,[1] counsel for the petitioner challenged the prosecutor's practice of excluding black venire members through peremptory strikes and filed a pretrial motion to "Enjoin the Prosecutor from Utilizing His Peremptory Challenges to Systematically Exclude Blacks from the Jury Panel." Defense counsel argued that the prosecutor's practice of excluding black venire members through peremptory strikes violated the petitioner's rights guaranteed under the Fourteenth Amendment to the United States Constitution. The circuit court denied this motion, apparently relying on the then-existing legal standard under *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

The venire panel for the petitioner's second trial included twenty-one black individuals. The petitioner in this case is black, while the victim was white. In selecting the jury on September 7, 1983, the prosecutor used the first twenty of twenty-one peremptory strikes to exclude black venire members from the jury.[2] Defense counsel did not object to the purportedly racially-biased use of peremptory strikes at the petitioner's trial. One black person served on the jury.

The petitioner's second trial began on September 27, 1983. The jury found the petitioner guilty of murder the next day. A sentencing hearing was held on September 28, 1983, and the jury voted for the imposition of the death penalty. On January 12, 1984, the circuit court formally sentenced the petitioner to death by electrocution. On appeal of the judgment of conviction, the Alabama Court of Criminal Appeals affirmed, *Morrison v. State*, 500 So.2d 36 (Ala.Cr.App. 1985), as did the Supreme Court of Alabama in *Ex parte Morrison*, 500 So.2d 57 (Ala. 1986). The Supreme Court of the United States denied the petitioner's petition for writ of certiorari on April 6, 1987. *Morrison v. Alabama*, 481 U.S. 1007, 107 S.Ct. 1634, 95 L.Ed.2d 207 (1987).

After exhausting his state remedies, the petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Alabama. In a memorandum opinion and order entered January 19, 1995, this court found that the petitioner's claim regarding the prosecutor's alleged racial use of peremptory jury strikes was procedurally defaulted based upon the Alabama Court of Criminal Appeals' finding that the petitioner failed to present this issue at trial or on direct appeal. *Morrison*, Civ.A. No. 90–D–1103–N, at 14. The court reasoned as follows:

> The state court is authoritative as to the issue of compliance with state procedural rules and federal courts are expected to defer to the procedural rules of the state whose laws gave rise to the proceedings at issue: "[W]here a state court correctly applies a procedural default principle of state law, *Sykes*[3] requires the federal law to abide by the state court decision." *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.1990) (citing *Meagher v. Dugger*, 861 F.2d 1242 (11th Cir.1988)). The last state court rendering judgment in this case expressly attributed its affirmance on these

---

**1.** The first trial in 1978, which resulted in a conviction, was reversed and remanded by the Supreme Court of Alabama for a new trial based upon the authority of *Beck v. State*, 396 So.2d 645 (Ala.1980). *Ex parte Morrison*, 398 So.2d 751 (Ala.1981).

**2.** The prosecutor exercised his twenty-first peremptory strike to exclude a white venire member, who during voir dire had communicated her reluctance about imposing the death penalty.

**3.** *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

issues to [the petitioner's] procedural default ... [in not raising said issues].

*Id.* at 14 (brackets added).

Nine days before this court entered its memorandum opinion and order denying the writ of habeas corpus, the Court of Appeals for the Eleventh Circuit issued its decision in *Cochran.* Based in part upon the authority of *Cochran,* the petitioner filed a Rule 59(e) motion to alter or amend the judgment entered on January 19, 1995. This court reserved ruling on the motion until the Supreme Court of the United States ruled on the petition for certiorari in *Cochran.* On January 16, 1996, the Supreme Court denied certiorari in *Cochran,* after which the petitioner filed a motion requesting the court to enter an order granting habeas corpus relief. In light of *Cochran,* the court has re-examined its findings regarding the petitioner's *Batson* claim and finds that the petitioner is entitled to relief on this ground.[4]

## DISCUSSION

■ The first issue is whether the *Batson* claim is procedurally barred from federal review. Based upon the authority of *Cochran,* the court's answer is "no." As explained in *Cochran,*

A federal court may not reach a federal question on collateral review of a state conviction if the state court's opinion "contains a 'plain statement' that [its] decision rests upon adequate and independent state grounds."

. . . . .

In order for a state procedural bar to foreclose a federal court from reviewing a federal claim in a § 2254 proceeding, not only must the last state court rendering a judgment in the case comply with the "plain statement" rule, but also the procedural bar must be firmly established and a regularly followed state practice. When a state's "procedural default rule has been only sporadically invoked, the procedural

default no longer bars consideration of the issue in federal court."

43 F.3d at 1408 (internal citations omitted).

Cochran was convicted of murder after a trial by jury and sentenced to death. *Id.* at 1406. The Alabama Court of Criminal Appeals held that Cochran's *Batson* claim was procedurally defaulted because he had failed to raise it on direct appeal. *Id.* at 1407. The Supreme Court of the United States thereafter denied Cochran's petition for writ of certiorari. *Id.* After exhausting state remedies, Cochran sought federal habeas relief and asserted that his rights under *Batson* were violated because the prosecution used seven of fourteen peremptory strikes to exclude seven of nine blacks on the venire panel. *Id.* at 1407. The material facts in *Cochran* are as follows:

The case was tried pre–*Batson,* but the *Batson* issue was preserved because Cochran asserted a *Swain* objection; Cochran did not challenge the selection of the jury while the case was on direct review; *Batson* was decided after Cochran's conviction was affirmed, but while his sentence was still being reviewed by the Court of Criminal Appeals; and the *Batson* claim was asserted for the first time in a state post-conviction proceeding.

*Id.* at 1409.

On habeas review, the Eleventh Circuit analyzed the procedural bar issue by determining whether Alabama courts have consistently barred *Batson* claims in cases similar to Cochran's. The Eleventh Circuit reviewed *Floyd v. State,* 571 So.2d 1221 (Ala. Cr.App.1989), and *State v. Tarver,* 629 So.2d 14 (Ala.Cr.App.1993). *Id.* at 1409. In these cases, the Alabama Court of Criminal Appeals held that Tarver's claim was procedurally barred but not Floyd's. *Id.* at 1409. The Eleventh Circuit noted that, in reaching contrary decisions, the Alabama Court of Criminal Appeals found determinative the fact that Floyd but not Tarver had raised a *Swain* objection at the trial level, thus, preserving the *Batson* issue. *Id.*

4. Because the court finds that relief is due to be granted on the *Batson* claim, the court deems it unnecessary to address the other issues raised in the petitioner's brief, all of which were addressed in this court's memorandum opinion and order entered on January 19, 1995.

After examining these cases, the Eleventh Circuit held that, in cases similar to the one before it, Alabama courts have not consistently barred *Batson* claims where *Batson* was decided during the direct appeal but the defendant did not raise the issue until a post-conviction proceeding. *Id.* The Eleventh Circuit · further stated that Cochran's case was · more similar to *Floyd* than *Tarver*, because Cochran had raised a *Swain* objection to the selection of the jury immediately after voir dire.[5] *Id.*

Here, the court finds that in every material and relevant respect, the petitioner's case is in the identical posture as *Cochran.* Both Cochran and· the petitioner were tried pre-*Batson.* The Supreme Court of the United States issued the *Batson* decision on April 30, 1986, while the appeal of the petitioner's judgment of conviction and death sentence was pending before the Supreme Court of Alabama. Cochran's case also was on direct appeal when the *Batson* decision came down. Like Cochran, the petitioner here arguably did not adequately challenge the selection of the jury on direct appeal but raised a *Swain* objection at the trial level.[6]

The respondent does not seriously challenge the applicability of *Cochran* to the instant case. Rather, the respondent contends that the Eleventh Circuit's decision in *Cochran* is "in error" and that this court should deviate from its directives. *See* "Response to Order to Show Cause," filed Feb. 23, 1996, at ¶ 5. The court, however, declines to follow the unduly forward suggestion of the respondent. As the attorney for the respondent well knows, this court cannot overrule a decision of the Court of Appeals for the Eleventh Circuit, because trial courts are duty bound to adhere to judicial prece-

dents. Furthermore, *Cochran* is precisely on point. Therefore, until the Eleventh Circuit or the Supreme Court of the United States says otherwise, *Cochran* remains the law, and the court will follow it, as it must. Because the instant case is virtually indistinguishable from *Cochran,* the court follows the holding of *Cochran* and finds that· "because the procedural bar has not been consistently applied· in such cases, ... the procedural bar does not constitute .an adequate and independent state ground which bars federal review." 43 F.3d at 1409.

Accordingly, the court now turns to the merits of the petitioner's *Batson* claim. The Supreme Court's decision in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), retroactively applies to the petitioner's case. *See Cochran,* 43 F.3d at 1409 n. 7. To succeed on a *Batson* challenge, "the defendant must establish a prima facie case of racial discrimination. Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. The trial court then determines whether the defendant has established purposeful discrimination." *Id.* at 1411 (citing *Batson,* 476 U.S. at 96–98, 106 S.Ct. at 1722–24).

■ The uncontested fact that the prosecutor struck **twenty of the twenty-one black venire members** is sufficient evidence of discrimination to establish a prima facie case. *Ex parte Williams,* 571 So.2d 987, 990 (Ala.1990) (citing *Ex parte Branch,* 526 So.2d 609 (Ala.1987)); *See also United States v. Battle,* 836 F.2d 1084 (8th Cir.1987) (use of five of six strikes to eliminate five of seven black potential jurors constitutes a prima facie case); *Guthrie v. State,* 616 So.2d .913,

---

**5.** The Eleventh Circuit stated that
[i]n cases such as Cochran's, where the trial court took place pre-*Batson,* a properly made *Swain* claim made in a pre-trial motion· is treated as a timely made *Batson* objection for the purpose of preserving the *Batson* issue for appeal. Cochran did not raise the *Batson* claim on direct appeal, even though his appeal was not final until 1987, approximately one year after *Batson* was decided. Cochran raised the *Batson* issue for the first time ·in an amendment to his state petition for post-conviction relief.

*Id.* at 1409 n. 7 (internal citation omitted).

**6.** In his brief, the petitioner argues that he adequately raised the *Batson* issue on direct appeal by identifying the issue as an "adverse ruling subject to appellate review." *See* Br. in Supp. of Mot. to Alter or Amend J., filed Feb. 2, 1995, at 14–15. The court need not address this argument. Even assuming that appellate counsel did not adequately raise the *Batson* issue on direct appeal, *Cochran* affords the petitioner relief as discussed herein.

914 (Ala.Cr.App.1992) (prima facie case established where the state excludes seven out of nine qualified black venire members); *United States v. Horsley,* 864 F.2d 1543, 1545–46 (11th Cir.1989) (use of single peremptory strike to exclude a qualified black venire member may constitute a prima facie violation of *Batson*).

▬ To rebut the presumption of discrimination, the respondent must proffer legitimate race-neutral explanations for the prosecution's use of peremptory strikes. The reasons given for a peremptory challenge "need not rise to the level justifying exercise of a challenge for cause," *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723, but there must be a "clear and reasonably specific" explanation of "legitimate reasons" for the strike. *Id.* at 98, n. 20, 106 S.Ct. at 1724, n. 20 (quoting *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981)).

On February 7, 1996, the respondent filed a motion for an extension of time to respond to the motion for an order granting the petitioner's writ of habeas corpus. Therein, the respondent represented that, if the extension were granted, he then would "be in a position to advise the Court as to whether the State is prepared for an evidentiary hearing or whether the State will or will not be able to present evidence to show the reasons why the former district attorney made the strikes in the above-styled case." Resp.'s Mot. Ext. Time, filed Feb. 7, 1996, at ¶ 4. The respondent further stated that he

> has contacted the district attorney for Barbour County and he is reviewing his file for evidence of the reasons why the jurors were struck. Additionally, the district attorney is contacting the previous district attorney, Mr. Sam LeMaistre[,] in order to arrange for Mr. LeMaistre to review the files and to be interviewed by this attorney to determine what his reasons were for his strikes.

*Id.* at ¶ 3.

The court granted the respondent's motion for an extension of time. The response filed,

however, contained no representation that, if a hearing were held, the respondent would be able to present any testimony or other evidence to rebut the prima facie showing of a racially discriminatory jury selection. Hence, the court finds that to hold a *Batson*-type hearing would be futile, particularly since the record is devoid of any reason for the striking of the twenty black jurors. For instance, the trial transcript reveals that the prosecutor asked virtually no questions of black venire members and, therefore, received no information that could possibly support or suggest a race-neutral reason for their exclusion. The trial court also did not determine whether the prosecutor could proffer a race-neutral explanation for the peremptory strikes.[7]

The failure of the respondent to proffer any reason for the prosecutor's exercise of twenty peremptory strikes to exclude black venire members is insufficient to rebut a prima facie showing of discrimination under *Batson. Ex parte Williams,* 571 So.2d at 990 (new trial required where state failed to give a reason for the exclusion of one of four black venire members peremptorily removed from jury service). Accordingly, the court finds that the petitioner has shown purposeful discrimination under *Batson.*

In sum, the court finds that, based upon the authority of *Cochran,* the petitioner's *Batson* claim is not procedurally barred because Alabama courts have not consistently applied a procedural bar to *Batson* claims in cases like the petitioner's. The court further finds that the petitioner established a prima facie violation of *Batson* and that the respondent failed to satisfy his burden of articulating race-neutral reasons for the exercise of peremptory strikes at the petitioner's trial. The court, thus, finds that the petitioner is entitled to relief based upon his claim that the prosecution used peremptory strikes to exclude blacks from the jury in violation of *Batson.*

### ORDER

Accordingly, it is CONSIDERED and ORDERED that Petitioner Jesse Lee Morri-

---

7. The absence of any explanation at the trial for striking black jurors is not surprising since the petitioner's second trial concluded before the Supreme Court decided *Batson.*

son's motion to alter or amend the court's judgment entered on January 19, 1995, and the petitioner's motion for an order granting habeas corpus relief be and the same are hereby GRANTED in accordance with the views herein expressed.

It is further CONSIDERED and ORDERED that the petition for writ of habeas corpus be and the same is hereby GRANTED and that the judgment of conviction upon which the petitioner's death sentence is based be and the same is hereby VACATED.

It is further CONSIDERED and ORDERED that the State of Alabama shall have ninety (90) days from the date hereof to retry the petitioner or be forever barred therefrom.