**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FARON JOSEPH BEAR,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden, Mack Alford
Correctional Center; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 98-7043

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-97-214-B)

---

Submitted on the briefs:

Gloyd L. McCoy of Coyle & McCoy, Oklahoma City, Oklahoma, for Petitioner-
Appellant.

W.A. Drew Edmondson, Attorney General of Oklahoma; Kellye Bates, Assistant
Attorney General, Oklahoma City, Oklahoma, for Respondents-Appellees.

---

Before **BALDOCK**, **EBEL**, and **LUCERO**, Circuit Judges.[*]

---

    [*]    After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

**BALDOCK**, Circuit Judge.

Petitioner Faron Joseph Bear appeals the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. On appeal, Petitioner argues that the district court incorrectly dismissed his petition for failure to exhaust state court remedies. Our jurisdiction arises under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

I.

On July 30, 1993, Oklahoma state prosecutors charged Petitioner with first-degree rape, after former conviction of two felonies. The case proceeded to trial before a jury. At the close of trial, the trial judge instructed the jury on first-degree rape and also instructed the jury on second-degree statutory rape; a crime which the trial judge apparently believed was a lesser included offense of first-degree rape. The jury acquitted Petitioner on the first-degree rape charge, but found him guilty of the second-degree rape charge. The court sentenced Defendant to ten-years imprisonment.

Petitioner directly appealed to the Oklahoma Court of Criminal Appeals, arguing that the district court incorrectly instructed the jury that second-degree rape was a lesser included offense of first-degree rape. The Court of Criminal Appeals agreed. However, the Court of Criminal Appeals found that the record supported a conviction for assault

with intent to commit rape, a lesser included offense of first-degree rape.[1]  Therefore, pursuant to Oklahoma law, the Court of Criminal Appeals remanded the case to the trial court with instructions "to modify the judgment from second degree rape to assault with intent to commit rape."  The Court of Criminal Appeals left Petitioner's sentence intact.

On March 19, 1996, Petitioner filed a petition for rehearing, arguing that the evidence did not support the conviction as modified.  The Court of Criminal Appeals denied the petition for rehearing.  Petitioner then lodged the same complaint in the instant § 2254 petition for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma.  On March 3, 1998, the district court dismissed the petition, holding that presenting a claim for the first time in a petition for rehearing does not exhaust state court remedies.

## II.

Under 28 U.S.C. § 2254, a petitioner must exhaust available state court remedies before obtaining federal habeas relief.  This requirement is based on notions of comity and the idea that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their

---

[1]  Oklahoma law allows the Court of Criminal Appeals to reverse, affirm, or modify an appellant's judgment and sentence.  Okla. Stat. Ann. tit. 21, § 1066 (West 1991).  The Oklahoma courts have construed this statute to permit the Court of Criminal Appeals to modify a conviction when it determines that the evidence does not support the charge on which the jury convicted, but does support a lesser included offense.  See e.g., McArthur v. State, 862 P.2d 482, 485 (Okla. Cr. App. 1993).

review." Rose v. Lundy, 455 U.S. 509, 519 (1982). Although the exhaustion rule is not jurisdictional, it creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." Granberry v. Greer, 481 U.S. 129, 131 (1987). Thus, federal district courts routinely dismiss petitions where the petitioner has failed to fully exhaust his state court remedies. E.g., Cook v. Collins, 830 F.Supp. 348 (W.D. Tex. 1993).

Section 2254 does not, however, require repetitive presentment of a claim to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 fn. 18 (1972). Instead, the exhaustion requirement is "satisfied if the federal issue has once been properly presented to the highest court of the state." See 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4264. In addition, a prisoner need not present his claims to the state courts if such presentation would be futile. Wallace v. Cody, 951 F.2d 1170, 1171 (10th Cir. 1991).

Petitioner argues that the district court incorrectly determined that his petition for rehearing did not amount to "fair presentment" to the state's highest court. Relying largely on the Supreme Court's decision in Castille v. Peoples, 489 U.S. 346 (1989), the government argues that a claim presented for the first time on discretionary review, such as a petition for rehearing, is not "fairly presented." For the reasons that follow, we conclude that the district court erroneously dismissed Petitioner's § 2254 petition.

The Court of Criminal Appeals is the court of last resort for criminal appeals in

4

Oklahoma. See Okla. Stat. Ann. tit. 20, § 40 (West 1991). In the instant case, the Court of Criminal Appeals reviewed the trial court's judgment and found error. Pursuant to an Oklahoma statute, the Court of Criminal Appeals remanded the case to the trial court with instructions to modify the judgment. Petitioner filed a petition for rehearing with the Court of Criminal Appeals, not regarding an error made in the trial court, but instead challenging action taken by the Court of Criminal Appeals itself. The Court of Criminal Appeals, presented with the alleged error, refused to consider the merits of the petition.

In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition. E.g., Humphrey, 405 U.S. at 516 (1972); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). In his § 2254 petition, Petitioner claims that the evidence at trial did not support a conviction for assault with intent to commit rape. The Court of Criminal Appeals determined on direct appeal that the record in fact supported such a conviction. Thus, the Court of Criminal Appeals has already rejected the exact argument Petitioner raises in his federal habeas petition.[2]

---

[2] The dissent contends that in addition to his sufficiency claim, Petitioner's habeas application also raises a separate due process claim. Although a strained reading of Petitioner's application might demonstrate an attempt to raise an independent due process claim, when read in its entirety, the record clearly shows that Petitioner failed to raise an independent due process claim. Furthermore, Petitioner is represented by counsel. While it is well settled that courts must broadly construe pro se pleadings to include arguments which the pro se litigant fails to clearly and forcefully raise, Haines v. Kerner, 404 U.S. 519, 520-21 (1971), it is equally settled that litigants represented by counsel receive no such treatment and must develop the issues which they raise before the court. Id.; see

5

Moreover, the instant habeas petition complains of an error, not made by the trial court, but by the Court of Criminal Appeals. It is elementary that the Oklahoma district court cannot overrule the Court of Criminal Appeals. C.f. Morrison v. Jones, 952 F.Supp. 729, 732 (M.D. Ala. 1996). Thus, even assuming that the state district court would agree that the evidence did not support the assault with intent to commit rape conviction, the district court has no authority to alter the Court of Criminal Appeals' determination. In sum, the highest criminal court in Oklahoma has decided the precise claim Petitioner presents in the instant § 2254 petition. Further state court proceedings would be futile.[3] See Wallace, 951 F.2d at 1171 (exhaustion of state remedies futile where highest court has recently decided the precise issue petitioner seeks to raise in federal habeas petition).

III.

For the foregoing reasons, we REVERSE the district court's dismissal of Petitioner's § 2254 petition for failure to exhaust state court remedies and REMAND for

---

also United States v. Denogean, 79 F.3d 1010, 1012 n. 2 (10th Cir. 1996). A careful reading of the briefs and the record in this case demonstrates that Petitioner simply does not develop the argument which the dissent divines. Thus, the only issue properly presented for habeas review is whether the evidence supports Petitioner's conviction as modified by the Oklahoma Court of Criminal Appeals.

[3] Read collectively, Supreme Court precedent clearly shows that a claim is exhausted once the state courts have actually passed upon the issue raised. See Brown v. Allen, 344 U.S. 443, 448-49 (1953); Castille, 489 U.S. 351. Thus, although we rest our decision on the fact that further proceedings in the state court would be futile, the notion that Petitioner has actually exhausted his state court remedies, under the specific facts of this case, is particularly persuasive.

further proceedings consistent with this opinion.

98-7043, <u>Bear v. Boone</u>

**EBEL, Circuit Judge, dissenting**

I respectfully dissent because I believe the majority overlooks a central claim raised in Bear's federal habeas petition, which he never presented to the Oklahoma courts for resolution in the first instance.

The majority describes the appeals Bear made after the Oklahoma Court of Criminal Appeals' decision modifying his sentence as follows: "On March 19, 1996, Petitioner filed a petition for rehearing, arguing that the evidence did not support the conviction as modified. Petitioner then lodged the same complaint in the instant § 2254 petition for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma." Maj. Op., <u>ante</u>, at 3. While I agree with the characterization of Bear's petition for rehearing before the Oklahoma Court of Criminal Appeals, I believe the majority oversimplifies Bear's claims on federal habeas. In his federal habeas petition before the district court, Bear claimed that the Court of Criminal Appeals' modification of his sentence "denied [him] the right to have a jury determine in the first instance whether or not he is guilty beyond a reasonable doubt of a crime in the first instance." This due process issue was highlighted in his stated "Grounds For Relief" before the district court when Bear included in his description of the issue the following: "The conviction modification denied Mr. Bear of his right to have a jury determine his guilt and sentence beyond a reasonable doubt." I do not believe this due process claim has

been presented to the Oklahoma courts in any fashion, or that those courts have had an opportunity to pass on it in the first instance.

Unlike the sole claim considered by the majority — "that the evidence did not support the conviction as modified" — it would not be futile for Bear to raise his due process claim in the Oklahoma courts. I agree with the majority that the Oklahoma Court of Criminal Appeals' modification of Bear's crime of conviction necessarily implies that that court "determined on direct appeal that the record in fact supported . . . a conviction for [assault with intent to commit rape]." Maj. Op., ante, at 5. Accordingly, requiring Bear to present again this issue to lower Oklahoma courts would be futile. However, because Bear never presented his due process claim to the Court of Criminal Appeals, or any other Oklahoma state court, I cannot say with confidence that it was considered. Accordingly, I believe Bear must raise his due process claim in the Oklahoma courts in order to meet federal exhaustion requirements.

Further, I do not believe that Bear would be procedurally barred from raising his due process claim in a petition for postconviction relief in the Oklahoma courts. As the majority makes clear, the first opportunity Bear had to raise his due process challenge to the modification of his crime of conviction arose after the Court of Criminal Appeals issued its opinion. Because I believe it would have been inappropriate for Bear to raise his due process claim under the limited rehearing procedures set out in Oklahoma Court

2

of Criminal Appeals Rule 3.14,[1] I believe Bear can now present his due process claim by way of an application for postconviction relief in the Oklahoma courts.

Since I do not believe Bear's due process claim has been presented to the Oklahoma courts — "fairly" or otherwise — and I do not believe it would be futile for Bear to raise it now, I conclude Bear has failed to exhaust his state remedies. Accordingly, I would affirm the district court's dismissal for failure to exhaust.

---

[1]The rule reads, in pertinent part:

**RULE 3.14   REHEARING; REQUISITES OF PETITION**
. . .

**B.**   A petition for rehearing shall not be filed, as a matter of course, but only for the following reasons:

(1)   Some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

(2)   The decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Bear could not have raised his due process claim under either of these bases.