**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN TYRONE SCOTT,

  Petitioner-Appellant,

v.

ERIC R. FRANKLIN, Warden,

  Respondent-Appellee.

No. 04-7097
(E.D. Okla.)
(D.Ct. No. 03-CV-641-W)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

  Appellant Brian T. Scott, an Oklahoma state inmate appearing *pro se*, appeals the district court's decision denying his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, challenging his convictions for assault and battery with a deadly weapon, larceny of an automobile, and assault and battery on a police officer. We deny Mr. Scott's request for a certificate of appealability and dismiss his appeal.

Along with other offenses,[1] Mr. Scott was charged with assault and battery on a police officer, assault and battery with a deadly weapon (knife), and larceny of an automobile. With respect to the latter two offenses, he was tried and convicted of the lesser offenses of assault and battery with a dangerous weapon, and unauthorized use of a motor vehicle. However, his judgment and sentence incorrectly listed convictions for the initial offenses, rather than the correlating lesser offenses. On appeal, Mr. Scott successfully sought correction of the judgment and sentence to reflect the description of the offenses for which he was convicted, resulting in the Oklahoma Court of Criminal Appeals remanding the case to the district court and instructing it to vacate the judgment and sentence for those two convictions and enter an order nunc pro tunc to accurately reflect his convictions for assault and battery with a dangerous weapon and unauthorized use of a motor vehicle. Accordingly, the state district court filed an amended judgment and sentence properly reflecting those two convictions.

Thereafter, Mr. Scott filed a petition for rehearing claiming, in part, that his appellate counsel erred in referring to the omission of the lesser offenses of assault and battery with a dangerous weapon and the unauthorized use of a motor

_____

[1] Mr. Scott was also charged and convicted of first degree burglary, forcible sodomy, and malicious injury to property, which the Oklahoma Court of Criminal Appeals affirmed on direct appeal. However, it vacated his kidnaping conviction.

-2-

vehicle as merely a "scrivener's error." Instead, Mr. Scott claimed, for the first time, that he should not have been convicted of those lesser included offenses because he was never charged with them, in violation of his Sixth Amendment rights. He also contended his conviction for assault and battery to a police officer was improperly based on perjury by the officer. The Oklahoma Court of Criminal Appeals summarily denied Mr. Scott's petition for rehearing for failure to meet the requisite criteria for filing a petition for rehearing.

Mr. Scott then filed the instant 28 U.S.C. § 2254 federal habeas petition renewing his claims: 1) he could not be tried for lesser included offenses for which he was not charged, which his counsel referred to as a "scrivener's error"; and 2) he improperly received a conviction through perjured testimony by a police officer. While Mr. Scott did not raise these two grounds for relief in his direct appeal, nor exhaust them through state post-conviction proceedings, he claimed he satisfied any exhaustion requirements for state post-conviction remedies when he raised them in his petition for rehearing. Mr. Scott further claimed he did not raise the "scrivener's error" issue on the two lesser included offenses in his direct appeal because his appellate counsel was ineffective in failing to do so.

In denying Mr. Scott's § 2254 habeas petition, the federal district court

determined the Oklahoma Court of Criminal Appeals denied his petition for rehearing on procedural grounds for failure to meet the requisite criteria for filing a petition for rehearing, and therefore, pursuant to *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989), a fair presentation of his issues to a state court did not occur for the purpose of exhaustion. *See also Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-69 (10th Cir. 1997). Similarly, relying on *Murray v. Carrier*, 477 U.S. 478, 489 (1986), the district court concluded Mr. Scott's ineffective assistance of appellate counsel claim must also be exhausted in the state court before proceeding under a § 2254 motion. *See also Parkhurst*, 128 F.3d at 1370. Finally, the district court determined Mr. Scott failed to make the requisite showing a state post-conviction proceeding would be futile, as required by *Castille*, 489 U.S. at 351. Accordingly, the district court denied Mr. Scott's § 2254 petition and his request for a certificate of appealability.

On appeal, Mr. Scott raises the same issue contesting his conviction on the two lesser included offenses. He appears, however, to have abandoned his perjury claim, as he makes no reference to it or argument in support thereof. In addition, he renews the same ineffective assistance of appellate counsel claim, and now, for the first time on appeal, raises an ineffective assistance of trial counsel claim, stating the same attorney at trial heard the "miscitation" of the

charges against him, but failed to "apprise" the court. Similarly, for the first time on appeal, he claims the state court denied his "constitutional right to jury trial transcripts at public expense." He further renews his contention he exhausted his state claims by filing his petition for rehearing, basing his argument on our decision in *Bear v. Boone*, 173 F.3d 782 (10th Cir. 1999). He also suggests, without argument or support, he should receive a certificate of appealability because any attempt to exhaust his state remedies would "be futile."

An appeal may not be taken from a final order in a § 2254 proceeding without a certificate of appealability. 28 U.S.C. § 2253(c)(1). In order for a petitioner to be entitled to a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks, alteration, and citation omitted). However:

> When the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional
> claim, a [certificate of appealability] should issue when the prisoner
> shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). These are threshold inquiries we apply to determine whether we may entertain an appeal. *Miller-El*, 537 U.S. at 336. This court further construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Applying these principles, we have conducted a thorough review of the pleadings, the record on appeal, and Mr. Scott's brief and request for a certificate of appealability, as well as the district court's decision denying relief. For the purpose of judicial economy, we decline to duplicate the district court's analysis in its order denying relief on the grounds presented in the habeas petition, other than to briefly address 1) Mr. Scott's claims he exhausted his state remedies, and any state post-conviction remedies would otherwise "be futile," and 2) the apparent abandonment of his perjury claim.

First, with respect to the issue of exhaustion, Mr. Scott claims he fully exhausted his state remedies, pursuant to our decision in *Bear v. Boone*, when he filed his petition for rehearing. In that case, the defendant raised the same issues

on direct appeal to the Oklahoma Court of Criminal Appeals as he later raised in his petition for rehearing before that court. 173 F.3d at 782-85. In his petition for rehearing, Mr. Bear challenged the action taken by the Oklahoma Court of Criminal Appeals in disposing of his direct appeal, rather than challenging the actions of the trial court. *Id.* This court determined Mr. Bear sufficiently exhausted his state remedies without filing a post-conviction petition, given the futility of his bringing a petition on the same issues which the Oklahoma Court of Criminal Appeals twice rejected, and which the state district court could not overrule. *Id.*

The facts in *Bear* are distinguishable from the instant case. Mr. Scott never raised the issues contained in his petition for rehearing in his direct appeal, so the Oklahoma Court of Criminal Appeals never considered them until it summarily dismissed the petition for rehearing for failing to meet the requisite criteria for bringing such a petition. Moreover, unlike the defendant in *Bear*, the errors Mr. Scott raised in his petition for rehearing were not directed at any error by the Oklahoma Court of Criminal Appeals, as required by Oklahoma Court of Criminal Appeals Rule 3.14.[2] Consequently, our decision in *Bear v. Boone* does not

_____

[2] Under Rule 3.14(B), a petition for rehearing may only be filed for the following alleged appellate errors: 1) the Oklahoma Court of Criminal Appeals overlooked some question decisive of the case and duly submitted by the attorney of record, or 2) the

-7-

remedy Mr. Scott's exhaustion problem. Moreover, because Oklahoma has no time limit on initial post-conviction habeas proceedings for non-capital offenses, Mr. Scott has not shown any other obstacle making exhaustion of his state remedies futile. *See Moore v. Gibson*, 27 P.3d 483, 484 (Okla. Crim. App. 2001); *see also* Okla. Stat. Ann. tit. 22, § 1080 (specifying no time limit for filing initial post-conviction petition).

Next, Mr. Scott clearly waived the perjury issue contained in his § 2254 petition when, on appeal, he failed to make any argument or cite any authority to support that claim. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996). As a result, nothing in Mr. Scott's brief or request for a certificate of appealability dissuades us from our determination the district court correctly assessed the claims presented in his § 2254 petition and denied Mr. Scott's petition.

The additional errors Mr. Scott raises for the first time on appeal must also be dismissed. We generally will not exercise jurisdiction on issues not raised or

---

decision is in conflict with an express statute or controlling decision to which the attention of the Oklahoma Court of Criminal Appeals was not called, either in the brief or in oral argument. In this case, it is clear the Oklahoma Court of Criminal Appeals summarily denied Mr. Scott's petition for rehearing because the errors he raised therein had nothing to do with appellate court error.

addressed below, *see Walker v. Mather (in re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), nor will we consider conclusory or unsupported claims, *see Hall v. Bellmon*, 935 F.2d 1106, 1113-14 (10th Cir. 1991). Moreover, Mr. Scott has not shown he exhausted his remedies on any of these new issues in state court before filing for habeas corpus relief in federal court, and therefore, we consider them procedurally defaulted under 28 U.S.C. § 2254(b)(1)(A), and will not consider them on appeal.

Thus, for substantially the same reasons set forth in the district court's September 10, 2004 Order, and those articulated here, we conclude Mr. Scott fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Accordingly, we **DENY** Mr. Scott's request for a certificate of appealability and **DISMISS** his appeal.

                                **Entered by the Court:**

                                **WADE BRORBY**
                                United States Circuit Judge