**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY G. WEST,

      Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

      Respondent-Appellee.

No. 04-6305
(W.D. Okla.)
(D.Ct. No. 04-CV-154-F)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

Appellant Henry Glen West, an Oklahoma state inmate appearing *pro se*,
appeals the district court's decision denying him a certificate of appealability and
dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. In his
petition, Mr. West challenges his numerous convictions, but not his sentences.
We deny Mr. West's request for a certificate of appealability and dismiss his
appeal.

The procedural history surrounding Mr. West's state convictions, sentences, and direct appeal are more fully outlined in the federal magistrate judge's Report and Recommendation (Recommendation).[1] In short, the State of Oklahoma charged Mr. West with two counts of assault and battery with intent to kill; forcible oral sodomy; first degree rape; second degree burglary; robbery with firearms; attempting to kill another; assault with a dangerous weapon; and two counts of shooting with intent to kill. A jury convicted him on all counts.

Following the trial, Mr. West raised three issues to the Oklahoma Court of Criminal Appeals, namely: 1) The trial court's failure to instruct the jury on the defense of automatism denied Mr. West the benefit of this statutory defense supported by the evidence; 2) The trial court erroneously instructed the jury to consider Mr. West's flight as substantive evidence of guilt; and 3) The State failed to prove beyond a reasonable doubt the state-of-mind elements of the

---

[1] While Mr. West did not file for post-conviction relief, the government, in response to his habeas petition, acknowledged he exhausted his state court remedies with respect to the three issues raised in his habeas petition. This is because the three issues Mr. West raised in his federal habeas petition are identical to the three issues raised and addressed in his direct appeal to the Oklahoma Court of Criminal Appeals. *See Bear v. Boone*, 173 F.3d 782, 784 (10th Cir. 1999) (holding "the exhaustion requirement is satisfied if the federal issue has once been properly presented to the highest court of the state") (quotation marks and citation omitted); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534-35 (10th Cir. 1994) (explaining "[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack").

charged offenses. Unsuccessful on direct appeal in the state court,[2] Mr. West

filed his federal habeas petition, pursuant to 28 U.S.C. § 2254, challenging his

convictions on the same three grounds.

The federal district court assigned the matter to a magistrate judge, who

issued a thorough and comprehensive report recommending denial of Mr. West's

petition on all issues presented. While we decline to reiterate the magistrate

judge's analysis throughout her fifteen-page Recommendation, we note she

carefully considered each of Mr. West's arguments, the standard of review, and

the state court's resolution of those same arguments, as summarized hereinafter.

In addressing Mr. West's arguments, the magistrate judge recounted Mr.

West's own summary of his "morning long crime spree," and also considered

some of Mr. West's admissions with respect to his crime spree. It began with Mr.

West launching an unprovoked attack on his brother while he slept, hitting him

with a hammer and rendering him unconscious. He then pulled his brother's

girlfriend from the bed into their father's bedroom where he sodomized, raped

---

[2] Mr. West also unsuccessfully filed a petition for rehearing to the Oklahoma
Court of Criminal Appeals on the issue of his concurrent sentences, which is not before
this court on appeal of his habeas petition.

and choked her into unconsciousness.[3] Before leaving the apartment, Mr. West searched for a knife because he thought his father had returned to the apartment and he might have to kill him on the way out. He then left the apartment in a van, drove around, and pried open the door of a house, from which he took a .22 revolver, a .45 semiautomatic handgun, clips and ammunition.

After driving around again, Mr. West stopped at a convenience store where he used one of the guns to rob the clerk, attempted to fire the gun (which did not discharge) and, after leaving the store, attempted to back the van over the clerk, who followed him out to get his license number. The same clerk notified the police.

Meanwhile, after driving away and "because he believed he had failed God's will in not killing the clerk," Mr. West drove to another convenience store, went inside and asked for a drink. When the clerks told him he needed money for a beer, Mr. West went back to the van, retrieved a gun and returned to the store. "Without a word," he shot the man once and the woman twice as they tried to retreat. Mr. West then drove away.

---

[3] The evidence shows Mr. West was sufficiently coherent to tie the woman up with a rope and black electrical tape.

Based on a description of the van from the first convenience store clerk, a police officer pursued Mr. West, who drove the van into a ditch, after which he fled on foot and was arrested. At trial, Mr. West admitted he used methamphetamine daily and he used an illegal drug on the day he committed the crimes.[4] After his arrest, and again at trial, he admitted to committing all the crimes with which he was charged.

After recounting these facts, the magistrate judge rejected Mr. West's claim the trial court improperly failed to instruct the jury on the defense of automatism. In exhaustive detail, the magistrate judge explained that under Oklahoma law, the automatism instruction and defense are inappropriate and unavailable where, as here, the defendant voluntarily consumes a drug.[5] She further pointed out that the jury was properly instructed on the defendant's voluntary use of drugs, as

---

[4] On direct appeal, Mr. West admitted he was "under the influence of methamphetamine" at the time of his "morning-long crime spree," and on appeal to this court he states he was operating under the influence of methamphetamine and a drug-induced "hallucination."

[5] In Oklahoma, the defense of automatism or unconsciousness, under Okla. Stat. Ann. tit. 21 § 152(6) (1998), involves criminal conduct resulting from an involuntary act completely beyond the individual's knowledge and control, and cannot be used where the defendant's unconsciousness results from the voluntary consumption of alcohol or drugs. *See Sellers v. State*, 809 P.2d 676, 686 (Okla. Crim. App. 1991); *Jones v. State*, 648 P.2d 1251, 1257-58 (Okla. Crim. App. 1982). It "is a defense distinct from that of insanity," *State v. Krug*, 92 P.3d 67, 79 (Okla. 2004), and "'[e]xamples of automatic conduct are blackouts and epileptic seizures.'" *Id.* at 79, n.13 (quoting *Sellers*, 809 P.2d at 687).

supported by the evidence and unchallenged by the defense, as well as the

insanity instruction, as requested by the defense, and that the *sua sponte* omission

of the automatism instruction, which the defense never requested at trial, did not

render his trial fundamentally unfair.[6]


The magistrate judge also addressed Mr. West's claim the trial court

erroneously instructed the jury to consider Mr. West's flight as substantive

evidence of guilt. After reviewing the flight instruction given and the Oklahoma

Court of Criminal Appeals' decision that the evidence at trial supported the

instruction, the magistrate judge concluded the state court's determination was

reasonable and the instruction did not render Mr. West's trial "fundamentally

unfair." Specifically, the magistrate judge noted Mr. West committed each crime

at different locations, all of which he left, and that the jury could reasonably

conclude, beyond a reasonable doubt, that his determination to leave the scene of

each crime was based on his conscious guilt over the crimes he committed,

including his admission at trial that he began to drive faster and to run on foot to

---

[6] In reviewing the jury instructions on automatism and on flight, the magistrate judge relied on our ruling in *Nguyen v. Reynolds*, which states, "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive [a] petitioner of a fair trial and to due process of law." 131 F.3d 1340, 1357 (10th Cir. 1997) (quotation marks and citations omitted). *See also Dockins v. Hines*, 374 F.3d 935, 938-39 (10th Cir. 2004).

"get away from the police."

Finally, the magistrate judge rejected Mr. West's claim the State failed to prove beyond a reasonable doubt the state-of-mind elements of the crimes charged. After considering the standard of review,[7] the magistrate judge pointed out Mr. West confessed and admitted to all the crimes he was charged with committing. While Mr. West relied on the insanity defense and offered evidence in support of that defense, contending a demon or God possessed him and spoke to him, the magistrate judge determined the evidence, reviewed as a whole, established a rational jury could find beyond a reasonable doubt he possessed the requisite intent to commit the crimes with which he was charged and to which he admitted.

After considering all three of the aforementioned claims, the magistrate

---

[7] The magistrate judge relied on *Jackson v. Virginia*, to conclude:

> In reviewing the sufficiency of the evidence supporting a conviction for purposes of habeas corpus relief, clearly established Supreme Court precedent provides that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

443 U.S. 307, 319 (1979). *See also Dockins*, 374 F.3d at 939.

judge determined Mr. West failed to show the Oklahoma Court of Criminal Appeals' rejection of those claims was contrary to, or an unreasonable application of, firmly established federal law, as determined by the Supreme Court, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. After a *de novo* review and consideration of Mr. West's objections to the Recommendation, the district court adopted the magistrate judge's Recommendation and denied Mr. West's habeas petition.

On appeal, Mr. West renews the same three claims raised in his petition, rejected by the district court, and recounted in our preceding discussion of the magistrate judge's Recommendation. In support of those claims, he makes the same or similar arguments presented in his habeas petition.

An appeal may not be taken from a final order in a § 2254 proceeding without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To be entitled to a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks, alteration, and citation omitted). This is a threshold inquiry we apply to determine whether we may entertain an appeal. *Id.* at 336.

Applying these principles, we have conducted a review of the pleadings, the record on appeal, and the district court's decision. For purposes of judicial economy, we decline to duplicate the magistrate judge's comprehensive analysis on the same issues presented to this court on appeal, other than to conclude Mr. West fails to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

Thus, for substantially the same reasons set forth in the magistrate judge's August 30, 2004 Recommendation and the district court's September 10, 2004 Order, we **DENY** Mr. West's request for a certificate of appealability, **DENY** his request to proceed *in forma pauperis*, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge