FILED
United States Court of Appeals
Tenth Circuit

February 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDRIC VINCENT SACCATO,

      Petitioner-Appellant,

v.

EDDIE WILSON, Warden of the
Wyoming State Penitentiary; GREGORY
A. PHILLIPS, Attorney General of the
State of Wyoming,

      Respondents-Appellees.

No. 12-8023 & 12-8067
(D.C. No. 2:11-CV-00092-CAB)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Fredric Saccato, a Wyoming state prisoner proceeding pro se, requests a certificate

of appealability (COA) to appeal the district court's dismissal of his application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. We deny a COA and dismiss this matter.

**I. Background**

Saccato pled guilty in Wyoming state district court to one count of aggravated

homicide by vehicle and three counts of aggravated assault and battery. He was

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

sentenced to a term of incarceration of eighteen to twenty years on the count of aggravated homicide by vehicle, and a term of incarceration of eight to ten years on each of the remaining three counts. The aggravated homicide by vehicle sentence was ordered to be served concurrently with two of the three aggravated assault and battery charges, and the third aggravated assault and battery sentence was ordered to be served consecutively with the other sentences. The term of incarceration for the third aggravated assault and battery charge was suspended, and in its place, he was sentenced to ten years of supervised probation.

Saccato filed a direct appeal with the Wyoming Supreme Court. Saccato's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that there were no meritorious issues for appeal and requesting withdrawal of counsel. The Wyoming Supreme Court granted counsel's request to withdraw and ordered that Saccato's judgment and sentence will be affirmed unless Saccato is able to persuade the court that an appeal would not be "wholly frivolous." ROA Vol. 1 at 362. Saccato then filed a brief in opposition to his attorney's Anders brief. The Wyoming Supreme Court reviewed Saccato's abuse of discretion in sentencing claims regarding the prosecutor's statements concerning good time credits, as well as his claim regarding sentencing proportionality. The Wyoming Supreme Court found no sentencing error by the state district court because there was no indication the state district court relied on the prosecutor's statements when imposing Saccato's sentence, and that Saccato's sentence was "not extreme or unusual when compared to the gravity of the offense." Id. at 382.

2

The Wyoming Supreme Court held that Saccato "has not provided any reason to conclude that his appeal has merit." Id. The Wyoming Supreme Court then affirmed the state district court's judgment and sentence. Saccato did not file postconviction relief with the Wyoming state court.[1]

On March 16, 2011, Saccato filed a habeas petition pursuant to 28 U.S.C. § 2254 in federal district court, alleging six claims for relief:

(1) Whether he received ineffective assistance of appellate counsel in violation of the Sixth Amendment when his appellate attorney filed the Anders brief with the Wyoming Supreme Court;

(2) Whether the trial court erred in advising Mr. Saccato he would earn up to 2/3 off his sentence as "good time" when only 1/3 of his time could be taken off as "good time";

(3) Whether he received ineffective assistance of trial counsel in violation of the Sixth Amendment, and did not receive due process when his attorney advised him he would serve only 1/3 of his sentence with "good time" when in fact he would serve at least 2/3 of his sentence with "good time" credit applied;

(4) Whether his plea was unknowing and involuntary because the trial judge did not inform Mr. Saccato he could "cap" the plea agreement;

(5) Whether the prosecutor violated Mr. Saccato's right to

---

[1] The exhaustion requirements of 28 U.S.C. § 2254 do not require Saccato to seek postconviction relief in state court prior to filing his federal habeas petition if the state court had already ruled on his claims. "It is not necessary . . . for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review. . . ." Brown v. Allen, 344 U.S. 443, 447 (1953). See also Castille v. Peoples, 489 U.S. 346, 350 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'" (quoting Brown, 344 U.S. at 447)); Bear v. Boone, 173 F.3d 782, 785 n.3 (10th Cir. 1999); Bodine v. Warden of Joseph Harp Correction Center, 217 F. App'x 811, 812 n.1 (10th Cir. 2007).

3

counsel when the prosecutor used his statement to police against him even though it was known he was intoxicated when he gave the statement; and

(6) Whether Mr. Saccato's sentence was excessive when viewed in light of his youth, lack of a violent criminal record, and when compared to other sentences received by other defendants in similar circumstances.

Id. at 452-53. In response to Saccato's habeas petition, the government filed a motion to dismiss claims two and four through six, and a motion for summary judgment for claims one and three.

On February 28, 2012, the district court granted the government's motion for summary judgment on claims one and three, and denied Saccato's claims of ineffective assistance of appellate and trial counsel. On March 26, 2012, Saccato filed a notice of appeal with this court, appealing from the district court's order granting motion for summary judgment. Because the district court had disposed of only two of the six claims, we abated Saccato's appeal to provide him an opportunity to obtain either a final judgment or a Fed. R. Civ. P. 54(b) certification. On August 15, 2012, the district court dismissed the remaining four claims of Saccato's habeas petition and denied a COA. Saccato then filed a second notice of appeal from the district court's order dismissing the remaining claims. Saccato's first and second appeals are now consolidated before this court.

## II. Analysis

Saccato seeks a COA on the same issues that he raised in his federal habeas

4

petition filed in district court.[2]  A petitioner seeking habeas relief must obtain a COA

before this court may consider the merits of his appeal.  Miller-El v. Cockrell, 537 U.S.

322, 336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack

jurisdiction to rule on the merits of appeals from habeas petitioners.").  To be entitled to a

COA, Saccato must make "a substantial showing of the denial of a constitutional right."

---

[2]  Saccato makes the following arguments before this court:

[(1)]  The State of Wyoming violated the Petitioner's right to appellate counsel under the Sixth Amendment to the U.S. Constitution, by appellate counsel using the wrong standard when assessing and determining not to argue the appeal.

[(2)]  The State of Wyoming violated the Petitioner's right to appellate counsel under the Sixth Amendment to the U.S. Constitution, by appellate counsel failing to argue on appeal that the defense attorney and the prosecutor, while the judge remained silent, misadvised that Petitioner would be eligible for twice the "good time" he is actually eligible for; coupled with the failure of trial defense counsel to tell the Petitioner that he could "cap" the maximum sentence, all of which failures resulted in a plea that was unknowing and thus involuntary.

[(3)]  The State of Wyoming violated the Petitioner's right to appellate counsel under the Sixth Amendment to the U.S. Constitution, by appellate counsel failing to argue on appeal that the prosecutor had used a statement by the Petitioner when he was intoxicated and unrepresented by counsel, and misrepresented that statement's content to the court on sentencing.

[(4)]  The State of Wyoming violated the Petitioner's right to appellate counsel under the Sixth Amendment to the U.S. Constitution, by appellate counsel's failure to argue on appeal the harshness of Petitioner's sentence of 18 to 20 years, which was excessive under Solem v. Helm, 463 U.S. 277 (1983).

Aplt. Br. at vii-viii.

5

28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (quotations omitted).

Saccato has not made this showing. We agree with the district court that claims two, four, five, and six are state law claims not cognizable in a federal habeas action. These claims implicate state law and policy governing sentencing and plea agreements. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Saccato's remaining two claims allege ineffective assistance of counsel. To establish ineffective assistance of counsel, Saccato must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (10th Cir. 1984). This court has reviewed Saccato's application for a COA and appellate brief, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El and concludes that Saccato is not entitled to a COA on these claims. The district court's resolution of Saccato's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Even if we were to assume, without deciding, that his counsel on direct appeal misapplied the Anders standard, the Wyoming

6

Supreme Court, nonetheless, went to the merits of Saccato's issues regarding sentencing and found them to be <u>without</u> merit. And, as regards Saccato's contention that his trial attorney misadvised him regarding the effect good time credits would have on his sentence, the state district court repeatedly and correctly described the potential penalties Saccato faced should he plead guilty. Accordingly, Saccato has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

### III. Conclusion

For the foregoing reasons, we DENY Saccato's application for a COA and DISMISS this matter.

Entered for the Court


Mary Beck Briscoe
Chief Judge