**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENNERD JAMES CRAIG,

Petitioner - Appellant,

v.

TRACY McCOLLUM,

Respondent - Appellee.

No.14-5068
(D.C. No. 4:13-CV-00701-GFK-PJC)
(N.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Bennerd Craig is an Oklahoma state prisoner proceeding *pro se*.[1] He requests a Certificate of Appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under 28 U.S.C. § 2244(d). We agree with the district court that Craig fails to meet § 2244(d)'s timeliness requirements. We also agree that neither statutory nor equitable tolling allows him to overcome the timeliness bar. Exercising jurisdiction under

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Craig is proceeding *pro se*, we review his petition liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

28 U.S.C. §§ 2253(a) and 1291, we DENY the COA application and DISMISS this appeal.

## I. Background

Craig was convicted in April 2009 after pleading guilty to First Degree Burglary and Obstructing an Officer and sentenced to fifteen years in prison. Craig did not file a motion to withdraw his guilty pleas or perfect a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA).

Craig's first court filing after sentencing was not until September 2010, when the state district court received Craig's motion for sentence modification, for which he was ineligible. In May 2012, Craig filed a separate application for post-conviction relief in state district court, which that court denied. The OCCA affirmed.

Craig filed a habeas petition in the Northern District of Oklahoma in October 2013. He raised three challenges to the validity of his conviction: (1) that the trial court erroneously accepted his guilty plea to First Degree Burglary without a sufficient factual basis; (2) that he is factually innocent of First Degree Burglary; and (3) that he received ineffective assistance of counsel.[2] In May

---

[2] Craig asserts that he placed his petition in the prison mailing system on October 15, 2013, so the petition may be treated as filed on October 15, 2013. *See Marsh v. Soares*, 223 F.3d 1217, 1218 & n.1 (10th Cir. 2000). But this has no effect on the untimeliness of Craig's claims.

2014, the district court dismissed the petition with prejudice as untimely (declining to reach the merits), and denied a COA.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a state prisoner's right to appeal a denial of habeas relief on a grant of a COA, which requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A), (c)(2). When the district court denies a habeas petition on procedural grounds, we issue a COA only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Craig cannot make that showing.

AEDPA provides a one-year limitations period for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides four separate potential dates from which to begin counting, but only one is implicated here—the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Craig neither timely filed a motion to withdraw his guilty pleas nor perfected a timely certiorari appeal with the OCCA, his conviction became

final under Oklahoma law on April 16, 2009, ten days after his sentence was pronounced on April 6. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (noting applicable Oklahoma law). Thus, any federal habeas petition filed after April 19, 2010 is untimely—and this petition was not filed until October 2013.

Consequently, we will only consider Craig's petition if the limitations period was either statutorily or equitably tolled. We address each in turn.

First, statutory tolling only tolls the limitations period during the pendency of any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). But "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA" toll the statute of limitations. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Craig filed no petition for any state relief before April 19, 2010, so statutory tolling is inapplicable.

Second, to receive equitable tolling, a petitioner must generally show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way" that prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). It is a "rare remedy to be applied in unusual circumstances," *Wallace v. Kato*, 549 U.S. 384, 396 (2007), and a petitioner must show "specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Craig's COA application presents no arguments or facts showing due diligence or extraordinary circumstances. Instead, he asserts an entitlement to "equitable tolling on the grounds of actual innocence." Aplt. Br. 3.

As a general matter, a prisoner seeking equitable tolling on actual innocence grounds need not demonstrate a diligent pursuit. *See Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010). But equitable tolling on these grounds is still "rare" and only appropriate "in the extraordinary case." *Id.* In fact, equitable tolling on these grounds requires that "it is more likely than not that no reasonable juror would have convicted [petitioner] in light of" new evidence, and "unexplained delay" still bears on whether a petitioner has met his burden. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013). Finally, an innocence argument must be a "factual innocence" argument—not a "legal innocence" argument—to justify equitable tolling. *United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008).

Because Craig "failed to make any argument or cite any authority to support" any entitlement to equitable tolling on the grounds of extraordinary circumstances and due diligence, he has waived those arguments. *See Scott v. Franklin*, 122 F. App'x 980, 983 (10th Cir. 2005) (citing *United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996)). We decline to "manufacture" them for him. *See Craven v. Univ. of Colo. Hosp. Auth.*, 260 F.3d 1218, 1226 (10th Cir. 2001). Our liberal construction of *pro se* petitions does not exempt

them from the rules of procedure binding the petitions of other litigants. *See*

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Craig's conclusory allusion to the diligence arguments he made before the district

court cannot prevent abandonment. *See Ariz. Pub. Serv. Co. v. EPA*, 562 F.3d

1116, 1130 (10th Cir. 2009) ("We need not address unsupported, conclusory

arguments.").[3]

Craig's actual innocence argument also fails. Citing *Jackson v. Virginia*,

443 U.S. 307 (1979), Craig alleges a "failure to establish factual basis for every

element of the crime." Aplt. Br. 2. But *Jackson* was a legal insufficiency case,

*see Jackson*, 443 U.S. at 309–10, and Craig makes a legal insufficiency claim. It

is well established that "[a]ctual innocence means factual innocence, not mere

legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also*

*Gabaldon,* 522 F.3d at 1124 n.2. Consequently, Craig is not entitled to equitable

tolling on actual innocence grounds.

---

[3] Even if Craig had not abandoned his claims for equitable tolling based on extraordinary circumstances and due diligence, the district court properly rejected those claims. Most significantly, Craig claimed he first became aware of the limitations period during May 2012. But "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And none of his arguments alleging lack of access to legal materials provide the "specific facts" needed to make this showing. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). The district court found that "nothing in the record suggests that Craig took any action to challenge his convictions during the one-year limitations period." R., Vol. I at 125. That finding is not clearly erroneous.

## III. Conclusion

Because jurists of reason would not debate the district court's conclusion that Craig's petition was time-barred, we DENY his COA application and DISMISS this matter.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge